IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE SIGNATRY CORPORATION, INC. AS TRUSTEE OF THE SIGNATRY CHARITABLE TRUST<br><br>*Plaintiff*,<br><br>v.<br><br>LARRY MITCHELL<br><br>and<br><br>REBECCA MITCHELL,<br><br>*Defendants*. | Case No.<br><br>Div. |

## COMPLAINT

Plaintiff, The Signatry Corporation, Inc. as Trustee of The Signatry Charitable Trust ("Signatry"), for its Complaint, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Signatry is a Delaware tax-exempt corporation with its principal place of business located at 7171 W 95th St Ste. 501, Overland Park, KS 66212.

2. Larry Mitchell ("L. Mitchell") is an individual believed to be residing in the State of Florida with a last known residential address of 925 Bay Shore Road, Nokomis, Florida 34275.

3. Rebecca Mitchell ("R. Mitchell") is an individual believed to be residing in the State of Florida with a last known residential address of 925 Bay Shore Road, Nokomis, Florida 34275. L. Mitchell and R. Mitchell are referred to as "Defendants."

4. The Court has specific personal jurisdiction over Defendants pursuant to the Kansas long arm statute and the Fourteenth Amendment's due process clause as Defendants have

purposefully directed activities toward Signatry in the State of Kansas and Signatry's injuries stem from those activities.

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as Signatry and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is also proper in this Court.

## FACTUAL ALLEGATIONS

7. Prior to June 19, 2020, Signatry and Defendants were each 50% owners in Therapy & Behavior Services, LLC ("Company").

8. On June 19, 2020, Signatry and Defendants entered into a Purchase Agreement whereby Signatry agreed to sell its 50% ownership interest in the Company to Defendants.

9. In exchange for Signatry's 50% ownership interest, Defendants agreed to pay Signatry 50% of all distributions made to the Mitchells after execution of the Purchase Agreement.

10. Pursuant to the Purchase Agreement, Defendants agreed to "reasonably manage the Company in a way to maximize the [d]istributions and cause the [d]istributions to be made as soon as prudently possible under the circumstances."

11. In addition, it was understood and agreed by the parties that Mitchells would seek to sell Company as soon as possible and thereafter engage in business activities only to the extent necessary to dissolve/wind down the Company.

12. Upon information and belief, Defendants did not limit Company's business activities to activities necessary to dissolve/wind down the Company and failed to reasonably manage the Company in a way to maximize the distributions payable to Defendants and, in turn, Signatry.

13.     Specifically, on June 25, 2020, Defendants caused Company to loan $500,000 to an entity named ATBS Properties.

14.     On that same date, Defendants caused Company to loan $500,000 to an entity named ATBS Indianapolis.

15.     Per documents provided to Signatry, the June 25, 2020 loans were made to facilitate the buyout of Defendants' business partner in ATBS Properties and ATBS Indianapolis resulting in Defendants' being the sole owners of those entities.

16.     In making the June 25, 2020 loans, Defendants did not reasonably manage the Company to maximize the distributions payable to Defendants, and in turn Signatry.

17.     Instead, Defendants managed the Company in a manner to serve Defendants' personal interest, while reducing the distributions ultimately payable to Signatry pursuant to the Purchase Agreement.

18.     Signatry has requested information from Defendants on multiple occasions regarding the June 25, 2020 loans and other aspects of Defendants' management of Company (including the financial status and records of Company sufficient to allow Signatry to determine whether it has been paid the proper amount to date and how much more it can expect to be paid in the future) and those requests have been denied.

## COUNT I – BREACH OF CONTRACT

19.     Signatry incorporates the above allegations as though fully set forth herein.

20.     Pursuant to the Purchase Agreement, Defendants agreed to reasonably manage the Company to maximize the distributions payable to Defendants and, in turn, Signatry.

21.     Defendants also agreed to cause Company to engage only in those activities necessary to sell, dissolve and wind down Company.

22. Defendants breached the above-referenced obligations by causing the Company to loan money to other entities owned by Defendants, the purpose of which was to facilitate Defendants' buyout of their partner in those entities.

23. Defendants' conduct also constitutes a breach of the implied covenant of good faith and fair dealing.

24. As a result of Defendants' breaches, Signatry has been damaged in an amount not less than $500,000.

WHEREFORE, Signatry respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, in an amount not less than $500,000 to be proven at trial, along with pre and post judgment interest, costs and attorneys' fees as provided by law, and for such other relief as the Court deems just.

## COUNT II – BREACH OF FIDUCIARY DUTY

25. Signatry incorporates the above allegations as though fully set forth herein.

26. A fiduciary relationship existed between Defendants and Signatry with respect to Defendants' obligation to manage the Company to maximize the distributions ultimately payable to Signatry.

27. Defendants breached that duty by causing the Company to loan money to other entities owned by Defendants, the purpose of which was to facilitate Defendants' buyout of their partner in those entities and serve Defendants' interest instead of maximizing the distributions ultimately payable to Signatry.

28. As a result of Defendants' breach, Signatry has been damaged in an amount not less than $500,000.

29. In addition to Signatry's compensatory damages, Signatry is also entitled to punitive damages.

WHEREFORE, Signatry respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, in an amount not less than $500,000 to be proven at trial, along with punitive damages, pre and post judgment interest, costs and attorneys' fees as provided by law, and for such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Signatry demands a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial, pursuant to D. Kan. Rule 40.2.

Respectfully submitted,

SEIGFREID BINGHAM, PC

*Attorneys for Plaintiff*

By: /s/ Gregory B. Whiston
Gregory B. Whiston, MO #25852
gwhiston@sb-kc.com
2323 Grand Boulevard, 10th Floor
Kansas City, Missouri  64108
T: (816) 421-4460
F: (816) 474-3447